UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAQUR QUAMAINE LEE BREWER,

        Plaintiff,

v.                             Case No.  2:23-cv-10271
                             Honorable Sean F. Cox

GENESSEE COUNTY SHERIFF
DEPARTMENT,

        Defendant.

_____/

## OPINION AND ORDER DISMISSING COMPLAINT

Michigan prisoner Shaqur Quamaine Lee Brewer filed a pro se civil rights complaint pursuant to 42 U.S.C. ' 1983.  In his complaint, Brewer alleges that he was assaulted by officers at the Genesee County Jail, where he is presently confined.  As discussed below, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Plaintiff will also be denied a certificate of appealability and permission to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

### I.

Brewer has been granted *in forma pauperis* status.  (ECF No. 7.)  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C.

§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364

2

(6th Cir. 2009).

Brewer's complaint against the Genesee County Sheriff Department, the only named defendant in this action, must be dismissed.  Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights.  It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983.  *See Edward v. Jail*, Case No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co*., No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *see also Boykin v. Van Buren Twp*., 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983).  Because Brewer has only sued the "Genesee County Sheriff Department" under § 1983, he has not stated a claim upon which relief may be granted.

## II.

Plaintiff has not substantially showed the denial of a constitutional right by the defendant that he has identified. Thus, a certificate of appealability will not issue. *See* 28 U.S.C. §2253(c)(1)(a), (2); Fed. R. App. P. 22(b). And Plaintiff may not appeal *in forma pauperis* because any appeal would be frivolous.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

## III.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability.

Further, it is **ORDERED** that Plaintiff is **DENIED** permission to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 2, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager